UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | **CRIMINAL DOCKET** |
| **VERSUS** | * | **NO. 15-154** |
| **DAMIAN BARNES** | * | **SECTION: A** |

\* \* \* \* \* \* \*

### DEFENDANT BARNES' RESPONSE IN OPPOSITION
### TO THE GOVERNMENT'S MOTION TO CONTINUE TRIAL

**NOW INTO COURT** comes the defendant Damian Barnes, appearing herein through undersigned counsel, and respectfully objects to the government's motion to continue the trial. (R. Doc. #248).

Damian Barnes was ordered to be detained in this matter on July 2, 2015 (R. Doc. #84). The government states that since Barnes is awaiting trial in Orleans Parish on a racketeering case that will not be tried before May 16, 2016, he will have to be incarcerated anyway. What the government fails to mention is that the charges in the two jurisdictions are practically identical, covering much of the same set of operating facts. But Orleans Parish, even though it filed its charges in June 2013, will not proceed until the federal case has come to resolution. So, in effect, Damian Barnes and other co-defendants herein have been in pre-trial confinement on charges covering this set of facts since June 2013. Interestingly, the press release on the state charges was done by the FBI, stating, "The Multi Agency Gang Unit is conducting several simultaneous

investigations on identified groups, which will result in state *and* federal prosecutions of these groups." (emphasis added).[1]

The government cannot claim that it needs more time to prepare for trial. So instead it has created a self-sustaining situation. By waiting as long as possible to deliver the discovery documents, it now asserts in its motion that "a continuance will allow all the defendants the opportunity to fully review the recently-produced discovery." The government, furthermore, is resisting the inevitable; it did not wish to comply with the Court's Order of December 15, 2015, requiring the government to produce the statements of the two main cooperators by the end of last month. The government claims it will be "put at a disadvantage." (USAO letter to the Court, dated December 23, 2015). Considering that this case is based in main part upon the testimonies of these two coconspirators, it is actually the defense that is at a disadvantage, not the government. But that disadvantage can be cured easily with the timely production of the statements and the scheduled commencement of the trial.

---

[1] See FBI Press Release of June 14, 2013: https://www.fbi.gov/neworleans/press-releases/2013/multi-agency-gang-unit-investigation-nets-sweeping-indictment-of-20-defendants ("Following another intensive and long term investigation by the Multi-Agency Gang (MAG) Unit, the Orleans Parish District Attorney's office obtained a 30-count racketeering indictment against 20 defendants on Wednesday. The DA's office indicted members of the 3-N-G gang who are responsible for at least 10 murders from October 2008 to February of this year.

The gang, which primarily operates out of an area bounded by South Galvez, South Claiborne, Jackson Avenue, and Washington Avenue, conspired to distribute illegal narcotics and used violence to gain and maintain its control over the area in which it operated. Investigators believe that the 3-N-G has operated in this area from May 2005 until today.

In response to yesterday's indictment, District Attorney Leon Cannizzaro said, "As you can see, we intend to continue to focus on those groups who are responsible for a disproportionate level of violence on the streets of this community, and we will use every weapon in our arsenal to bring them to justice."

Alfred Clay, aka "Al"; Christopher Collins, aka "Lil Chris"; **Damien Barnes**, aka "A.D."; Darrius Knox, aka "Slick"; Demetrich Robinson, aka "Meechy"; Jared Johnson, aka "Lil J"; Kentrell Hickerson, aka "Black"; Kevin Lynch, aka "Weefus"; Lonnie Ingram, aka "Rilla"; **McCoy Walker**, aka "Rat"; Quincy Briggs, aka "Pizzle"; Rene Knockum, aka "Butcher"; Ronnell Owney, aka "Nelly"; Tadaro Keller, aka "T-Darryl"; **Terrioues Owney**, aka "T-Red"; **Tyrone Knockum**, aka "T-Bone"; **Washington McCaskill**, aka "Dumplin"; Dwight Bush, aka "White"; Chris McCann aka "Boogie"; and **Rico Jackson**, aka "Freaky," were each indicted with a single count of racketeering. Additionally, each defendant was charged with various other crimes ranging from the distribution of narcotics to murder.").

Other defense attorneys may not have objected when the government polled them as to whether they objected to a continuance, but it is noteworthy that not one defendant has filed a motion asking for this continuance.[2] The fact of the matter is that a continuance does not help anybody except the government.

"The Sixth Amendment right to a speedy trial is designed to minimize the possibility of lengthy incarceration prior to trial, to reduce the lesser, but nevertheless substantial, impairment of liberty imposed on an accused while released on bail, and to shorten the disruption of life caused by arrest and the presence of unresolved criminal charges." *United States v. Macdonald*, 456 U.S. 1, 8, 102 S. Ct. 1497, 1502, 71 L. Ed. 2d 696, 704 (1982). These criminal charges have been unresolved since June 2013 as Orleans Parish and the U.S. Attorney kick this matter about like an errant soccer ball. And during all this time, Damian Barnes and his codefendants sit in jail waiting for their "speedy trial." For three years, although presumed innocent under the law, they have not been free to go about their affairs, be with their families, and continue with their lives.

Whether Damian Barnes has to proceed to trial alone or whether he proceeds together with some or all the remaining defendants, Barnes demands his right to the speedy trial afforded him under both the Sixth Amendment and the Speedy Trial Act (18 U.S.C. § 3161(c)(1)). The March 7, 2016 trial date guarantees him that right; any further delay only unduly prolongs the hardship and is simply unreasonable. In the alternative, should the continuance be granted, Damian Barnes moves for dismissal of the indictment.[3]

---

[2] All defendants who are joined for trial generally fall within the speedy trial computation of the defendant who last appears in court, and the excludable delay of one co-defendant may be attributed to all defendants. *United States v. Winters*, 2008 U.S. Dist. LEXIS 111248, *14, 2008 WL 5111127 (W.D. La. Sept. 4, 2008). Since no defendant has filed for a continuance in this case, the 'non-objections' by other defendants do not impute to Barnes.

[3] If a defendant is not brought to trial within the time limit required by 18 USCS § 3161(c), the information or indictment shall be dismissed on motion of the defendant. 18 USCS § 3162. In deciding to dismiss with or without prejudice, one of the factors to consider is whether the delay was designed to gain a tactical advantage for the government. *United States v. Simmons*, 786 F.2d 479, 485-486 (2d Cir. 1986).

WHEREFORE, the defendant requests that the government's motion for a continuance of the trial be denied.

Respectfully submitted,

 /s/ Peter G. Strasser
Peter G. Strasser, #19169
CHAFFE McCALL, L.L.P.
1100 Poydras Street
2300 Energy Centre
New Orleans, LA 70163-2300
Telephone: 504.585.7231
Facsimile: 504.585.7075
E-mail: strasser@chaffe.com
**Attorney for Defendant Damian Barnes**

## CERTIFICATE OF SERVICE

I hereby certify that on January 5, 2016, I electronically filed the foregoing pleading with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to all CM/ECF participants.

 /s/ Peter G. Strasser

---

*See also United States v. Winters*, 2008 U.S. Dist. LEXIS 111248, *29, 2008 WL 5111127, *supra note 3* ("Based on the record in this case, and specifically on the failure of the government to comply with the order of the undersigned to disclose the names of unindicted co-conspirators who the government intended to call as witnesses at trial, and, further, on the failure of the government to comply with the order of Judge Melancon to make timely and complete disclosure of the names of unindicted co-conspirators who were to testify at trial for over five months, the undersigned is compelled to recommend that this case be dismissed without prejudice because the government caused unnecessary delay in bringing this case to trial.").